v. Eric Piper v. Mary Masserrand May it please the Court, Mary Masserrand, on behalf of Eric Piper and Nathan Gibson, I'd like to reserve four minutes for rebuttal. The issue before the Court today is whether Piper and Gibson are protected with qualified immunity, because first, there was no constitutional violation since the repossession that occurred was not a matter of state action, and second, and in any event, because no clearly established law would have told them that accompanying someone and remaining on the premises with nothing more was sufficient to amount to state action and hence be deemed a violation of the Fourth Amendment. Qualified immunity, the constitutional violation aspect of this, is not based on a Fourth Amendment analysis of the seizure of the vehicle, because Crystal, not the officers, did the seizing. The question is whether their presence as civil peacekeepers was enough to constitute state action, and based upon the authorities from this Court and the Supreme Court, it was not. Do you have any authority that would say that an officer would be deemed a passive observer when the officer actually physically drives the person to the location? I don't have a case that has the precise facts, which I think underscores the lack of clearly established law. There are numerous cases, though, that suggest that mere presence is not enough, and in this case, as the District Court noted during the oral argument, although then went on to reach what we think is the wrong result, their driving her there was akin to a bus driver driving her there. That, in and of itself, is not enough for state action. And I think that fact is also particularly underscored by Mary Meadows' own testimony about what she perceived the officers were doing, which is very, very different from the whole string of cases that the plaintiffs relied upon and that have found state action. She said she thought they were following the suspect. She did not look out the window and think they were there to aid, and that consequently intimidated her from going out and challenging Crystal from taking the car. She thought they were on the premises, that they were following Crystal, and that she was the suspect. That was her testimony. And it seems to me very, very clear in this case, and differentiating this case from the cases in which courts have found state action, those cases an officer made comments at a minimum. For example, the officer might have said, we're here to make sure you don't interfere with this person taking this item or doing this conduct. No such statement was made here. Well, under that argument, though, do you say that an officer could come in and assist someone repossessing or taking a car in any way they wanted to just because the plaintiff was not there to object or to hear a response from the officer? Doesn't it have to do with whether there was some sort of active assistance? Isn't that what Coleman and Soldall and our other cases teach? What the cases say is that when the officer's conduct involves their coercive power or where they've actively and significantly aided in some way so that the choice is deemed that of the state, then that amounts to state action. Here, what the officers did was go at the request of Crystal Meadow to accompany her as civil peacekeepers. They drove her there, to be sure, but they were going as civil peacekeepers. She indicated, and this is the norm for repossession. I mean, one of the cases talks about the repo man, and his policy was always to contact the police ahead. It's not unusual for somebody who's going to get property in the context of a divorce or in the context of a creditor advising the police, I'm going to repossess this property, it's mine, and I want peacekeeping services in case there's an altercation. That's really all you have on the facts here. Well, it's a little different than that, though. The body of law around repo people is such that they're going to take the car by stealth or against the will of the person almost invariably, and the potential there for some sort of breach of the peace is obvious. But in this case, if a person just walked into a police station and opened their purse or their wallet and said, here's this application for title, my name's on it, I'm going over to get that car now, why don't you come with me? How many police officers do you think would do that? I think I can speculate about how many. I think it's a very reasonable action for the police to do that. There's a signed application for title. Somebody comes in and says, I'm in the context of a divorce. I am going to get what's mine. My lawyer said I should have you guys come with me to keep the peace when I get what's mine in the context of this divorce. That seems to me to be the same situation. The police are being asked to go not because they're seizing the property. They are not making an independent legal analysis about the state of title, what they're doing is going to provide peacekeeping services. I'm not so sure about that because getting back to the example I gave you, I would guess that the police officer might first say, well, are you reporting a stolen vehicle? You say you're going to get a car. Are you reporting a stolen vehicle? She would have answered that no. Well, what's the problem on the thing? She did answer that. What she said was, here's an application for title. It's signed by Lucky Meadow. He's my ex-husband. I'm supposed to have this car. My lawyer told me, come and make sure you keep the peace while I get it. That's a very reasonable request by a citizen and the officers in an effort to keep the peace during the division of property in a divorce situation, which is often fraught. But the divorce situation, she wasn't going to get the car from the ex-husband. She's going to get the car. Yes, she's going to get the car. She's going to get the car, but the car, apart from the discrepancy on the title on the thing, she's going over to the middaws to get the car. Right, the brother of her husband. That's where the car is located. To me, that doesn't raise a red flag. You have this woman who's married and is getting a divorce or is already divorced. She has an application for title, which is signed by the person who's her ex-husband, and she is going to get the car at her ex-husband's brother's home, where the car is. It seems to me I don't know why that would tip an officer off that there's some problem. But I think the key is what's happening here is the officers are going as civil peacekeepers, and the case law says unless there's some coercive power, some use of their authority as the government or significant encouragement. I don't believe we do. Because all the officers do is say, okay, we'll go with you, and the fact that she rides in one of their cars is merely their way of going. She's going to have a different car leaving, so that's how they agree to do it. There's no suggestion. They park on the lawn of these people, right? That's correct. And that's something that happened in this Hensley case. I know a lot of other stuff happened. A lot of other stuff happened, I agree, and that's the key. If you look at the other cases, at a minimum, you had presence plus the officer telling the person, I'm here to make sure you don't interfere. Here you have the people who are in the house, not coming out, saying they didn't perceive the officers in any coercive way. In fact, they thought the officers were there to tail a suspect. And, in fact, there's no suggestion that they stood between, that they ordered the middows away, that they dragged somebody out of a car. The judge below found that they had parked the vehicle in a way that served as possibly a screen so that the middows from their home could not see what was occurring with the vehicle. Wasn't that his finding? But the middows testified that the court below found, I'll have to double-check the exact wording of that, but certainly the way the car was parked was between. Found that it could be a screen. Wasn't that the word of the district court? That it could be a screen so that the middows could not see what was occurring with the vehicle. I'll accept Your Honor's assertion of the opinion. I don't remember the precise word. But I don't think it makes a difference here because what they're doing is going with her. And there is not a single case, not a single case, that the district court cited or that's been cited by my opponent in which facts as minimal as these have been deemed to be state action. All of the other cases had some pulling a person out of a car, threatening arrest, ordering a person not to interfere. None of the cases involved officers merely being present in what both they and the Mary Middows saw as simply being there. And not exercising coercive authority. Thank you. May it please the court, William Piper on behalf of the plaintiff's appellees, Joseph, Mary, and Michael Middow. It must be quite a road master, this car. 82 Buick? It's apparently a class of 92. Okay. It's not a car buff, but everyone wanted this car, at least the people involved here. I think the key issue here is state action. It's clearly established, and some of the judges raised this, that at the time of the incident question, when a state actor either directs, supports, or encourages private parties to take specific action, that is state action. I think there are two key points here that the court has already raised. First of all, when Crystal came to the police department, she indicated that she wanted to pick up this car, but she wasn't going to do it without a police officer being with her, because she was fearful of opposition, obviously. She was fearful that there would be violence. She was fearful that they would oppose her taking of the car. So that's why she requested officer assistance. This was not how the appellant characterized it, as the police officer riding a bus, excuse me, Crystal riding a bus there. The fact of police officer being with her was key to her going there. So basically, but for the police officer's driving of Crystal Middow to the scene, Crystal Middow would never have gone to the scene, because she was afraid that there would be a dispute about the property. So that's the key thing. The officer provided support and encouragement to Crystal to carry out this illegal activity. And they didn't stop there when they got there. Although Officer Piper says he parked on the perimeter beyond the Buick, Officer Gibson and Mary Middow testified that the officers came in and parked, as Judge Strange indicated, basically setting up a screen, to use a sports analogy, between the Middow home and where the Buick was located. So basically, this was a show of force to prevent anyone. Well, I don't know if it was a show of force. I mean, in a sense, I mean, of course, we're taking everything in the light that's favorable to your client. It facilitated the, I don't know if you'd call this a repossession, this car kind of traveled around a bit, some kind of possession. But it facilitated it. But it did so without force, because the Middows didn't realize what was happening. Correct. But I think the key thing is not what the Middows did or what they perceived. The key thing is what the officers did. And did they provide encouragement or support? Well, but you have to show that the violation here is clear in order to defeat qualified immunity. And, I mean, we have this Coleman case on the one hand where they just kind of park around the corner. That's not this case. We have Hensley where they pull the patrol car onto private property. That's similar to what we have here. But then we have a lot of coercive, lots and lots of coercive facts. And so here you don't have the coercive facts, but you have a facilitation. Yeah. Now, for purposes of whether it's a clear violation, why shouldn't we say, you know, you might have a point as far as the actual merits, but it's not so clear. It wouldn't have been so clear to the officer that this sort of non-coercive facilitation was state action. Well, I think it is clear. What case law would you point to? Let me say this. I agree with the district court's analysis. And in its analysis, obviously it cited the United States Supreme Court case that sets forth the general principle. And then it cited some other cases from other circuits. I acknowledge that. But basically setting forth the general, you know, criteria that one would look at. One of the criteria is whether the officers actually accompanied the alleged repossessor. And this is not a repossession, so I think the defendant describing it as a repossession is inaccurate. One of the factors is whether the officers accompanied the person there and then did acts beyond that to, as you say, facilitate the taking of the vehicle. And I think under these circumstances where it is clear that Crystal Middow would never have come close to the scene of this particular incident but for these particular officers driving her to the scene. And I think you have to ask the question, if they had merely driven her to the scene and then parked a ways away, as apparently happened in the Coleman case that you cited, would Crystal have had the temerity to approach the car and drive away? And I think you have to look at, again, the additional encouragement of the officers parking between the home and the Buick. Because if they had parked a ways away and Crystal had gone up there to the vehicle, I think a reasonable jury could conclude that she would have been sufficiently fearful without the officer's presence there standing between the home and the vehicle not to do that, not to approach the car, get in, and drive away. So those two factors are the but-for cause of this incident occurring. Is there any case law that analyzes the state action question in terms of but-for cause as you argue? Well, I don't think they say but-for. I don't think that's the legal standard. That's actually what happened here. This is even stronger than encourages. What I'm driving at is the question here isn't whether a jury could find something. The question here is whether the law made this officer's decision clearly unlawful. And you may well have a point on the merits, but I'm just trying to figure out if there's a case. Because Henley is a little bit far ahead, a case that would clearly indicate to an officer that you can't do this. Okay, well, one of the things that is somewhat frustrating from my perspective is how am I going to come up with a case that involves these facts? But it doesn't have to be identical facts. Sometimes a case will have a holding that by its terms is plainly applicable. But you need something other than a case where the officers did what they did in Henley. Maybe there was a language in Henley that clearly would apply here. I'm not sure. I keep going back to the statement of the law that where the officers by their conduct direct, support, and encourage private parties to take specific action, which is exactly what happened here, there is state action. I don't think I need to have a case on point, and it would be highly unlikely to have a case on point, which kind of segues into my analysis of some of the other facts in this case. What they did here, had they not done it, nothing like this would have happened. They drove her to the scene, and I'm kind of repeating myself here, but they parked, which additionally encouraged Crystal to take the action she did to drive away. But the reason why this is so, you know, the idea that somehow I'm going to find a case on point is just impossible. First of all, I don't think any reasonable officer, to raise a point that Judge Guy raised, would conclude, and this goes back to the state action point a little bit as well, I don't think a reasonable officer would conclude based on an application for title alone that somehow she had the vehicle, and of course state law confirms that,  doesn't render the person with the application an owner. But even if it did, the law is clear on that, but even if it did, Crystal Middow had absolutely no right under the law to even attempt self-help remedies. The only self-help remedies that are allowed is if there's a secured party who has an interest in the vehicle. So Crystal clearly did not loan money to these people so they could buy the vehicle. She was not a secured party. So under the state statutory law, she had absolutely no right to attempt self-help remedies. And the police, you know, how much ignorance can be acceptable here regarding the officer's conduct of interjecting themselves into what, from my perspective, is clearly an illegal theft of a vehicle. Crystal had no right to use self-help remedies. The fact of an application for title doesn't give her enough. And the officers, if they looked at the face of the title and read it, which they claim they didn't notice the discrepancy on it, they should have noticed that there was an issue there as well. So they should have concluded civil action, let's step away, you get a court order. That title, if it was legitimate, would have been sufficient proof of ownership. It would have been sufficient proof of ownership, but beyond that it did not give her the right to use self-help remedies. Again, I think the appellant is glossing over an issue here. This is not a repossession, which most of the other cases cite. Repossession involves a secured creditor either using a repo man or no repo man, going out and trying to get their vehicle. In this case, she had absolutely no right to do that, so why would the police interject? If ownership doesn't give you the right to use a self-help remedy, what does? Well, that, I guess, segues into my next point. You can get your civil remedies. You can go get a court order, whether in a divorce action or outside a divorce action, that allows you possession of the vehicle. There was no warrant here. I mean, I suppose there could have been a warrant in a criminal situation if someone had deemed it that sufficient to allow the police to seize the vehicle. So there's no court order, no warrant. Possession doesn't give the right to do that. She wasn't a secured party, so she had absolutely no right to do that. Apparently, can we just give the police a pass on all that and say, okay, they can be ignorant of all that, but they still get qualified immunity? I would say absolutely not. But then, you know, then you look at what they actually did. So they accompany Crystal, who basically wants to commit an illegal theft, and they accompanied her to the scene, give her encouragement, and the screen. Your opposing counsel argues that it makes a difference that the middaws were not present or were not spoken to by the police officer. What role does that play in figuring where we are on the continuum of no state action to state action? I don't think that makes any difference at all, and I think the district court did a good analysis of that particular issue, citing some case law, that it doesn't make a difference whether the middaws, the ones in the home, not Crystal, whether they knew what was going on or whether they were actually dissuaded because they didn't realize what was happening until later because of the screen and some other issues. The key thing is what the police officers did to direct and encourage and allow Crystal to carry out the taking of the vehicle, and I think the district court nicely analyzed that issue. So the focus isn't on whether the middaws were dissuaded, it is whether Crystal was encouraged or supported by the police officer's conduct. That's what I think the key issue is. Let me ask you this question. This is just here on qualified immunity. Now, if the district court has affirmed and this goes back, does the jury get the question of whether these people were state actors or not, if this is a jury trial? Quite frankly, I hadn't thought about that for purposes of this appeal. I believe the jury would get every issue. Is the state action question a question of law that the judge should decide himself? Probably, if the facts are not in dispute. There are a few facts in dispute here. I guess I would say that whether the officers can be believed when they say they looked at the application for title and didn't see the discrepancy, I think that's a factual dispute. There are some factual disputes about where the car was parked and whether one or both of the officers actually got out of the car in addition to placing the car between the home and the vehicle, placed themselves between the home and the vehicle. But beyond that, it's maybe some interlocutors to the jury. There aren't really any certain facts in dispute about that. I would agree. Does the jury then, here we are discussing this, and this case, and that case, and the other case, do they look at all those cases? I would say no. It's going to be a judicial ruling based on if he thinks that there are sufficient facts in dispute, probably not, as I think the judge is intimating that it would probably be a judicial decision. Well, if that's the case, then our review of that part of his decision is de novo, isn't it? If he made a ruling of law that he was supposed to make? I agree, although I think this appeals on qualified immunity only because the de novo question doesn't go up on interlocutory. There's no question of qualified immunity unless you decide the state act should issue. They don't need immunity. If they're not involved in the case, they don't need immunity. True, true. So, yes, those issues have to be decided. Any other questions? Thank you. Thank you. A couple of points. First, the district court was clearly wrong in suggesting that state action is a question of fact for the jury. It's a question of law. Facts are largely not in dispute, and it's a legal question completely unsuitable for a jury to decide. You've got a case that says that? I can't think of one off the top of my head. I can't either. But the general principle of state action is a legal principle, and I think the cases that have discussed it in the briefs do make clear that it's a legal question, not a factual question. And yet, when you look at the cases themselves, they're very fact intensive. There's a line somewhere that you cross over. You might do the first three things, and you don't become a state actor. You do the fourth one, and you become that. Well, and that brings me to a point which is very salient with respect to the clearly established prong, but also I think relates to the state action prong, and that is a legal inquiry can be highly fact bound and still not be a jury fact question, and that's, it seems to me, what we have here. The Plumhoff case was dealing with, and also the Browsell v. Hagen case. Both of those are U.S. Supreme Court cases, and in both of those cases, the court's looking at immunity, but it's looking at legal rulings and recognizing that they're made in a context that's highly fact laden. This court, when it's analyzed state action, has said the inquiry is highly fact bound. That doesn't make it a fact question because the facts aren't in dispute. What it means is the legal standard for what conduct takes you along this continuum from highly coercive verbal and physical conduct to mere presence and along the way in between. That is a fact bound, fact laden inquiry, but it's an inquiry of law. It's not a dispute of facts, and I think that's where the- Which would aid us in understanding what it takes to show clarity of the law. Was it clearly established? I think we would all agree that you can have neither the eagle's eye view nor the granularity of sand in trying to set a standard as to whether a law is clearly established. Tell me why you would think the law here is not clearly established. The Supreme Court has been very clear, and particularly in the cases issued in the last year or two, that looking in this broad view is not sufficient, and in fact the court has reversed in a number of cases saying you can't look at the history, you can't look at these broad propositions and say- But don't they also in the same breath say, nor can you make this the kind of granularity that we would require to have identity of facts? Because in truth, you don't have identity of facts, and you can't. The question is identity of the principles applicable to the facts in this case. You agree? What he said is that if it's beyond debate, that is if the officer would be plainly incompetent to believe that this conduct was enough. Here we have an officer who is faced with evidence of ownership, a title- I've struggled with the evidence of ownership, because just a facial review of the document would have shown an inconsistency between saying it was a gift from a husband and owned by or sold by another person. The application of title has Lucky Middow's name on it. And it also has Joseph Middow's name on it, does it not? Does it not? The Middows had title. The title that Crystal had was erroneously issued by the Secretary of State, because Lucky no longer had title. But the document that she had had Lucky's name on it, and she had the keys, and she had an explanation of why she needed peacekeeping that on its face was certainly plausible. So it seems to me in that context for the officers to go as civil peacekeepers and be with her to keep the peace, seeing no objection, and she drives away, that seems to me to be so far on the side of those cases that have been deemed not state action, that at a minimum the law cannot be said to have been so clearly established that the officers should have known. And I think that really doesn't amount to state action. Okay. I think we're all set. Any other questions, Judge Geis? All right. Thank you for your argument. Thank you. Thank you both. The case will be submitted.